UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Lisa Azzou,** as guardian and natural parent on behalf of her minor daughter **S.A.**, <br><br>             Plaintiff, <br>v. <br><br>**RAINFOREST CAFE, INC.,** a Missouri corporation for profit, <br><br>             Defendant. | Case No. 2:25-cv-13506 |

---

NOW COMES Lisa Azzou, as guardian and natural parent on behalf of her minor daughter S.A., by and through the undersigned counsel, Owen B. Dunn, Jr., who hereby files this Complaint against Rainforest Cafe, Inc., a Missouri corporation for profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Lisa Azzou on behalf of her minor child S.A. and individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. §

       1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Lisa Azzou is the guardian and natural parent of her minor daughter S.A.

5. S.A., is a female born on October 29, 2008, is an Oakland County, Michigan resident, and the minor child qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

6. Defendant Rainforest Café, Inc., owns and/or operates the property located

      at 4310 Baldwin Rd. Auburn Hills, MI 48326 in Oakland County, Michigan, which is a Rainforest Café restaurant.  Plaintiff, together with her minor daughter S.A., patronized Defendant's restaurant and the facilities thereon previously as a place of public accommodation and have experienced the barriers to access complained of herein.

7. The Rainforest Cafe at Great Lakes Crossing in Auburn Hills, MI, opened in 1998, was originally built and granted permits for occupancy by the Defendant (or its predecessor) in 1998 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the 1991 ADAAG Standards or 2010 ADA Standards implementing regulations of the ADA is required for this hotel as applicable unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable

8. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.  Defendant's restaurant is a place of public accommodation.  Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

9. S.A. is a child diagnosed with spina bifida, hydrocephalus, Chiari malformation, sleep apnea, and neurogenic bladder and permanently uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.  Lisa Azzou is her mother.

10. On October 26, 2024, S.A. and friends dined at the Rainforest Café restaurant on the property that forms the basis of this lawsuit and she plans to return to the property to avail herself of the goods and services offered to the public at the property.

11. During the Plaintiff's visits to Defendant's property, she encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety and violate nondiscrimination provisions of the ADA thereby impacting the Plaintiff.

12. Specifically, the restaurant has no wheelchair accessible stalls in the women's restroom, thereby leaving no place for S.A. to use the facilities safely and discretely.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with

respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the restaurant without fear of discrimination.

14. The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the restaurant owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Restrooms

   A. The women's designated accessible stall lacks required 60 inches of clearance around the water closet, in violation of the ADA and Section 604.3.1 of the 2010 Standards and 1991 ADAAG Section 4.22.4, whose remedy is strictly required or, at minimum, readily achievable.

   B. The women's restroom toilet compartment door opens inward, lacks door pulls on both sides, requires tight grasping or twisting to operate, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

   C. The women's restroom toilet paper dispenser is not mounted in the required location and impedes use of the side grab bar around the water closet, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.6, whose remedy is strictly required or, at minimum, readily achievable.

   D. The seat cover dispenser impedes use of the rear grab bar, in violation of the ADA and Section 609.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

   E. The women's restroom water closet seat height is too low, in violation of the ADA and Section 604.9.3 of the 2010 Standards and 1991 ADAAG Section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

   F. The women's restroom rear grab bar around the water closet does not meet the required length, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

   G. The women's restroom side grab bar does not extend 54 inches from the rear wall, in violation of the ADA and section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.17.6, whose remedy is strictly required or, at minimum, readily achievable.

   H. Upon information and belief, the men's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.  A survey of the restroom is

necessary.

Policies and Procedures:

    I. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

    J. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Lisa Azzou, as guardian and natural parent on behalf of her minor daughter S.A..

17. The discriminatory violations described in Paragraph 16 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The restaurant, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the retail store accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to bring its place of public accommodation into full

compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, M.C.L. § 37.1301 et seq.

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. Rainforest Café at Great Lakes Crossing Outlets, a restaurant, is a "place of public accommodation" pursuant to M.C.L §37.1301(a).

25. Defendant committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges by failing to provide equal access to people with mobility impairments. More specifically, the Plaintiff has been damaged because this restaurant does not have any accessible restroom stalls for wheelchair users like S.A. to utilize.

26. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an

injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

<u>Counsel for Plaintiff:</u>

/s/ Owen B Dunn Jr.

                    Owen B. Dunn, Jr., Esq. (p66315)
                    Law Office of Owen B. Dunn, Jr.
                    The Offices of Unit C
                    6800 W. Central Ave., Suite C-1
                    Toledo, OH 43617
                    (419) 241-9661 – Phone
                    (419) 241-9737 – Facsimile
                    Monroe, MI (734) 240-0848
                    Email: obdjr@owendunnlaw.com